OPINION
{¶ 1} Defendant-appellant, Richard Dershem, II, appeals from his conviction and sentence for unlawful sexual conduct with a minor. Dershem's conviction and sentence followed his no contest plea and finding of guilty.
 {¶ 2} Dershem's appellate counsel has filed a brief pursuant to Andersv. California (1967), 386 U.S.738 indicating that appellate counsel could find no assignments of error having arguable merit. By entry filed herein on April 7, 2004, we advised Dershem that his appellate counsel had filed an Anders brief and allowed him sixty days within which to file his own pro se brief. By entry, appellate was granted a thirty-day extension. He has not filed his own pro se brief.
 {¶ 3} Pursuant to Anders v. California, supra, we have independently reviewed the record. We agree with Dershem's appellate counsel that there are no potential assignments of error having arguable merit.
 {¶ 4} Dershem was initially charged by indictment with ten counts of sexual battery, each a felony of the third degree. Counsel was appointed to represent Dershem and accepted delivery of the prosecutor's discovery packet. It appears from the record that both sides prepared for trial and trial counsel filed a motion to suppress that was granted in part. Eventually, however, a plea bargain was negotiated wherein Dershem agreed to waive indictment and accept a bill of information charging him with one count of unlawful sexual conduct with a minor, a felony of the fourth degree. He agreed to plead no contest to that charge and was found guilty of that charge. For its part, the State agreed to dismiss the outstanding indictment and not object to a community control sanction. Further, it stipulated appellant's status as a sexually oriented offender.
 {¶ 5} We have reviewed the plea hearing and it appears that the trial court properly advised Dershem of his rights. The trial court also advised Dershem of the possible penalty that could be imposed for the offense to which he was pleading no contest and specifically advised Dershem "any prison term stated at the time of sentencing would be the time you serve without any good time reduction." It is also clear from the record that Dershem was advised of the consequences of a designation as a sexually oriented offender.
 {¶ 6} It appears from the record that Dershem understood the rights he was waiving by pleading no contest, as well as the consequences of his plea, and that he tendered his plea voluntarily with full understanding of his rights and the potential consequences.
 {¶ 7} Finally, we have reviewed the transcript of the sentencing hearing. Although the trial court did not impose a community control sanction, the State did not oppose it in compliance with the plea bargain. In imposing a seventeen-month sentence, the trial court noted its findings that Dershem was not amenable to community control supervision and stated with particularity the reasons and factors that support a sentence greater than the minimum.
 {¶ 8} Like Dershem's appellate counsel, we can find no potential assignments of error having arguable merit. Accordingly, we conclude that this appeal is wholly frivolous. The judgment of the trial court is affirmed.
Fain, J. and Grady, J., concur.